# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| ROBERT CHAPMAN, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. |

Case No. 1:17-cv-00254-TNM-DAR

## MEMORANDUM OPINION AND ORDER

Before the Court are the Plaintiff Robert Chapman's Objections to Magistrate Judge Robinson's Order of October 12, 2017. Objections to the Magistrate Judge's Order And/Or to the Magistrate Judge's Proposed Findings and Recommendations, ECF No. 47 (Objections). That order essentially set a production schedule in the underlying FOIA matter, and rebuffed without prejudice Mr. Chapman's motions for summary judgment, for sanctions, for discovery, and for the exclusion of certain evidence. Order, ECF No. 45.

Mr. Chapman's foremost objection, among many, is that a magistrate judge "is not authorized under 28 U.S.C. § 636(b)" to rule on a motion for summary judgment. Objections ¶ 1. But a magistrate judge may submit "recommendations for the disposition of . . . [m]otions . . . for summary judgment" pursuant to Local Civil Rule 72.3(a), *see also* Fed. R. Civ. P. 72(b)(1), and I will so construe the order before me. After having reviewed the disposition of the Plaintiff's motion for summary judgment *de novo*, as I must, Fed. R. Civ. P. 72(b)(3), I find that Magistrate Judge Robinson's conclusion was correct as a matter of substance, because a "lack of timeliness or compliance with FOIA deadlines does not . . . mandate summary judgment for the requester." *Tracy v. U.S. Dep't of Justice*, 117 F. Supp. 3d 1, 5 (D.D.C. 2015). Although Mr. Chapman contends otherwise, the D.C. Circuit has made clear that "[i]f the agency does not

1

adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189 (D.C. Cir. 2013). Once a suit is filed, "the court . . . will supervise the agency's ongoing progress, ensuring that the agency continues to exercise due diligence in processing the request." *Id.* Under this binding interpretation, most FOIA cases are properly resolved by the Government producing documents, followed by the Government (or both parties) filing motions for summary judgment. Enforcing that interpretation of the statute is exactly what Magistrate Judge Robinson is doing, in keeping with her inherent authority to control the portion of the district court's docket before her. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.") The Plaintiff's arguments to the contrary are unpersuasive, and indeed the very substance of his motions indicates that he is attempting to conduct this litigation in a manner contrary to that framework. *See generally Citizens for Responsibility & Ethics in Washington*, 711 F.3d at 186-190 (interpreting FOIA and discussing its operation in practice).

I further hold that Magistrate Judge Robinson's rulings on Mr. Chapman's non-dispositive motions—ECF Nos. 12 (Mot. Sanctions), 22 (Mot. Discovery), and 28 (Mot. in Limine)—as well as the Government's non-dispositive motions—ECF Nos. 15 (Mot. to Stay Briefing) and 39 (Mot. for Scheduling Order and Entry of Stay of Further Motion Practice)—were not clearly erroneous, and are in accordance with law. *See* Fed. R. Civ. P. 72(a). Upon consideration of the Plaintiff's Objections, the pleadings, relevant law, and related legal memoranda in opposition and in support, it is hereby

2

**ORDERED** that the Defendant's Objections to Magistrate Judge Robinson's rulings on non-dispositive matters are **DENIED**, and it is

**FURTHER ORDERED** that Magistrate Judge Robinson's Recommendation regarding the Plaintiff's Motion for Summary Judgment, ECF No. 11, is **ACCEPTED**, and the motion is hereby **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: March 2, 2018

TREVOR N. MCFADDEN
United States District Judge